IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN R. NAASZ, PRO SE,<br>TDCJ-CID #757866,<br><br>　　Plaintiff,<br><br>V.<br><br>DOUGLAS DRETKE, RODNEY COOPER,<br>BRUCE ZELLER, and JOE NUNN,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:05-CV-0137 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

　　Plaintiff JOHN R. NAASZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and requesting permission to proceed in forma pauperis.  Only plaintiff NAASZ has submitted an Application to Proceed In Forma Pauperis with appropriate financial disclosure and demonstrated exhaustion of administrative remedies.

　　Plaintiff NAASZ seeks to challenge the nighttime security checks and the lighting and noise levels during such checks.  Review of plaintiff's submission to this Court reveals he has also attached signature pages containing the signatures of a total of ninety-six inmates who appear to be indicating that they are seeking to prosecute a class action on their behalf as well as his own.

　　No motion for class certification has been filed.  Moreover, to the extent plaintiff seeks to proceed as a class representative, plaintiff has not shown himself to be an appropriate class representative and, further, cannot act pro se and as counsel with respect to the representation of the other inmates, whether they are class members or whether they seek joinder as co-plaintiffs.  This is not a class action and there is no class to join.  If the signatories on the

signature pages wish relief, they must pursue it in a separate lawsuit filed in compliance with the Prison Litigation Reform Act (PLRA).

The Court notes that plaintiff NAASZ' current allegation is not sufficient to state a deprivation rising to the level of an Eighth Amendment violation, especially in light of the absence of factual allegations showing this facially reasonable security measure to be wanton and unnecessary. *See, e.g., Chavarria v. Stacks*, No. 03-40977, 2004 WL 1485076 (5th Cir. Tex. July 20, 2004)(despite interference with inmate's sleep, policy requiring constant illumination in administrative segregation did not violate the Eighth Amendment). Moreover, to the extent plaintiff NAASZ is attempting to assert claims not only on his own behalf but on behalf of others, "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1952). Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous.

Lastly, to the extent plaintiff seeks to assert a claim in which all the signatories join as plaintiffs and share the filing fee, the Prison Litigation Reform Act does not permit such a course but, instead, requires a separate action and payment of the full filing fee by each prisoner. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001)(PLRA statute passed after effective date of federal rule repeals the rule to the extent that it actually conflicts and, therefore, requires a separate action and payment of full filing fee by each prisoner).

## CONCLUSION

The claims presently asserted in this cause fail to state a claim of Eighth Amendment violation and, in any event, must be pursued by separate actions filed by individual inmates, each on his own behalf, with satisfaction of the full filing fee by each prisoner plaintiff. This should be done by submission of each individual's claims to the Court utilizing the prisoner civil rights complaint form promulgated by the Court and available through the unit law library. Each complaint must be accompanied either by full payment of the filing fee ($250.00) or by an

Application to Proceed In Forma Pauperis, with all appropriate financial disclosure, also available to inmates through to unit law library.

IT IS HEREBY ORDERED:

The instant cause is DISMISSED WITHOUT PREJUDICE to being refiled by individual inmates in accordance with the Court's instructions above.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to plaintiff and any attorney of record.

IT IS SO ORDERED.

ENTERED this 26th day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE